**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4703**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

MONROE KENNETH JACKSON,

                Defendant - Appellant.

_____

**No. 22-4108**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

VERNTIRELL JERWON DUKES, a/k/a Ventrell Dukes, a/k/a Verntrell Dukes,

                Defendant - Appellant.

_____

**No. 22-4111**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

v.

VERNTIRELL JERWON DUKES, a/k/a Ventrell Dukes, a/k/a Verntrell Dukes,

Defendant - Appellant.

―――――――――

Appeals from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, Chief District Judge.  (4:21-cr-00111-RBH-1; 4:21-cr-00111-RBH-2; 4:18-cr-00221-RBH-1)

―――――――――

Submitted:  April 27, 2023                          Decided:  May 31, 2023

―――――――――

Before DIAZ and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

**ON BRIEF:**  John M. Ervin, III, ERVIN LAW OFFICE, Darlington, South Carolina, for Appellant Monroe Jackson. W. James Hoffmeyer, LAW OFFICE OF W. JAMES HOFFMEYER, Florence, South Carolina, for Appellant Verntirell Dukes.  Corey F. Ellis, United States Attorney, Lauren L. Hummel, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Monroe Kenneth Jackson pleaded guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and possession with intent to distribute heroin, methamphetamine, and fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (No. 21-4703). Jackson's codefendant, Verntirell Jerwon Dukes, pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (C) (No. 22-4108). In their plea agreements, both Jackson and Dukes reserved the right to appeal the district court's denial of their motions to suppress and to dismiss the charges against them.[*] Prior to entering their conditional guilty pleas, Jackson and Dukes moved to suppress evidence that police recovered during the execution of a search warrant at 604 Hammond Drive and to dismiss the charges against them because officers did not activate their body-worn cameras before conducting the search. We affirm.

"In reviewing a district court's denial of a motion to suppress, we review legal determinations de novo and factual findings for clear error." *United States v. Small*, 944

---

[*] Dukes filed a notice of appeal from both his final judgment of conviction and a separate judgment revoking his supervised release, and his appeals were docketed as Nos. 22-4108 and 22-4111, respectively. These two cases, along with Jackson's appeal from his final judgment of conviction in No. 21-4703, were consolidated on appeal. Jackson and Dukes have filed a joint opening brief, in which they challenge only the district court's denials of their motions to suppress and to dismiss. Because the brief does not challenge the judgment revoking Dukes' supervised release, Dukes has forfeited any challenge to this issue on appeal. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017).

3

F.3d 490, 502 (4th Cir. 2019). When, as here, the district court has denied a defendant's suppression motion, we consider the evidence in the light most favorable to the Government and "give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021) (internal quotation marks omitted). "When reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (cleaned up). "A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Walsh v. Vinoskey*, 19 F.4th 672, 677 (4th Cir. 2021) (internal quotation marks omitted).

The Fourth Amendment protects individuals from "unreasonable searches" and provides that "no [w]arrants shall issue, but upon probable cause, supported by [o]ath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. An affidavit supporting a warrant that authorizes a search must provide a judicial officer "with a substantial basis for determining the existence of probable cause" in light of the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity," and is therefore "not a high bar." *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (internal quotation marks omitted).

Our review of the record reveals no error in the district court's determination that probable cause existed to support the search of the residence at 604 Hammond Drive. Given the totality of the circumstances, which included a confidential informant's controlled purchase of narcotics at the residence as well as evidence of a drug overdose occurring there the next day, the court did not clearly err by finding a reasonable probability that drugs were being sold and used at the residence. We further discern no error in the district court's conclusions that the warrant was sufficiently particular in describing the location to be searched, *see, e.g.*, *United States v. Blakeney*, 949 F.3d 851, 861-62 (4th Cir. 2020), and that the probable cause backing the search warrant was not stale when there was only a six-day delay in executing the warrant and the crime was for ongoing distribution of narcotics, *see, e.g.*, *United States v. Ebert*, 61 F.4th 394, 401 (4th Cir. 2023). Finally, we reject Jackson's and Dukes' arguments related to the officers' failure to activate their body-worn cameras during the execution of the search because Jackson and Dukes proffer no supporting legal authority connecting a violation of law enforcement's body-worn camera policy, standing alone, with the remedy of suppression of evidence or dismissal of the charges.

Accordingly, we affirm the criminal judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*